UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 23-02750 FWS (RAO) | Date: | May 9, 2023 |
| Title: | Clifford C. Loyer v. Sheriff Robert Luna | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers) **ORDER TO SHOW CAUSE**

On April 7, 2023, Petitioner Clifford C. Loyer, an inmate in the Los Angeles County proceeding *pro se*, filed a letter with the Court captioned "Petition for Writ of Habeas Corpus." Dkt. No. 1. The Petition is on lined-paper and is three-pages in length. The Petition has several deficiencies.

1. The Petition is not on the form currently approved by the Central District of California for habeas petitions. Use of the standard form is important because it helps petitioners identify each individual ground for relief, along with supporting facts, that they wish to raise. Further, use of the form allows petitioners to provide important information as to whether the individual claims have been exhausted – meaning whether the claims have been presented to, and ruled on, by the California Supreme Court.
2. The Petition does not specify Petitioner's grounds for relief or state the supporting facts. Petitioner provides a short narrative describing his arrest and a subsequent order by a state court judge sending Petitioner to a mental hospital. Petition at 2. The Petition also references violations of Petitioner's constitutional rights, but in a conclusory fashion. This is insufficient. A habeas petition must set forth all grounds for relief and state the facts supporting each ground.
3. Finally, it appears that Petitioner's state criminal case is still pending before the state court. Federal courts may not intervene in ongoing state criminal prosecutions absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971). Thus, it appears that the Court must abstain and dismiss the Petition unless there are extraordinary circumstances present.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: CV 23-02750 FWS (RAO)   Date: May 9, 2023
Title: Clifford C. Loyer v. Sheriff Robert Luna

In light of the foregoing, Petitioner is ordered **by no later than May 29, 2023**, to show cause in writing why the Petition should not be dismissed based on the above-discussed deficiencies. The Clerk is directed to provide Petitioner with the current Central District habeas petition form, as well as the in forma pauperis forms if Petitioner chooses to file an amended petition. If Petitioner elects not to proceed with this action, then he may sign and return the attached Notice of Dismissal which the Clerk is also directed to provide to him.

**Petitioner is expressly advised that failure to timely file a response to this Order to Show Cause may result in the dismissal of the Petition for one or all of the above-referenced deficiencies and/or dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

Attachments:
Habeas petition form
Notice of Dismissal form

:
Initials of Preparer   dl