UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD C. LOYER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ROBERT LUNA,<br><br>　　　　　Respondent. | Case No. 2:23-cv-02750-FWS-RAO<br><br>MEMORANDUM AND ORDER RE SUMMARY DISMISSAL OF HABEAS CORPUS PETITION AND DENIAL OF CERTIFICATE OF APPEALABILITY |

I.  **INTRODUCTION**

On April 7, 2023, Petitioner Clifford C. Loyer ("Petitioner"), a pretrial detainee proceeding *pro se*, filed a document entitled "Petition for Writ of Habeas Corpus (Emergency)" ("Petition"). (Dkt. No. 1.) Petitioner alleges that he is currently in custody in the Los Angeles County Jail after being arrested. (Petition at 1.) Petitioner further alleges that he has been misidentified by Sheriff's deputies and was held for 40 days without arraignment on any charges in violation of his constitutional rights. (*Id*.) The Petition states that the superior court judge handling the case, Petitioner's public defender, and two unknown doctors have falsely submitted to the state court that Petitioner is incompetent to stand trial. (*Id*.)

On April 14, 2023, the District Court issued an order denying Petitioner's request for emergency relief. (Dkt. No. 5.)

On May 9, 2023, the Court issued an Order to Show Cause ("OSC") why this action should not be dismissed. (Dkt. No. 7.) The OSC noted that no identifiable grounds for relief or supporting facts were pleaded in the Petition. (*Id.*) Additionally, the OSC noted that it appears that Petitioner's criminal case is still pending before the state court and informed Petitioner that this Court must abstain from intervening in ongoing criminal proceedings pursuant to *Younger v. Harris*, 401 U.S. 37, 45-46 (1971). (*Id.*) The OSC directed Petitioner to show cause in writing why the instant action should not be dismissed.

On May 19, 2023, Petitioner filed his written response to the OSC. (Dkt. No. 8.) Petitioner's response is a copy of a printout of an entry in Petitioner's pending Los Angeles County Superior Court criminal case, Case No. LA098484. (*Id.*) The printout indicates that the state court received Petitioner's petition for writ of habeas corpus on March 8, 2023. (*Id.*) The state court denied the petition for failure to "establish a prima facie case for relief." (*Id.*)

For the reasons discussed below, the Court finds that summary dismissal of the Petition is warranted pursuant to *Younger*.

**II.   DISCUSSION**

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Because Petitioner is in pre-trial detention, not in custody as the result of a final judgment from a state court, the Petition is properly construed as arising under 28 U.S.C. § 2241. The Rules Governing Section 2254 cases also may be applied to habeas corpus actions filed under section 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

Under 28 U.S.C. § 2241, a district court may issue a writ of habeas corpus before a judgment is entered in a criminal proceeding. *See, e.g.*, *Lazarus v. Baca*, 2010 WL 1006572, at *3 (C.D. Cal. Mar. 17, 2010) (citing 28 U.S.C. § 2241(c)(3)).

Federal courts must abstain, however, from interfering in pending state proceedings absent extraordinary circumstances that create a threat of irreparable injury. *Younger*, 401 U.S. at 45-46.  Interests of comity and federalism underlie the general rule and counsel federal courts to maintain respect for state functions, and not to unduly interfere with the state's good faith efforts to enforce its own laws in its own courts.  *See, e.g., Middlesex Cty. Ethics Comm. v. Garden State Bar Assoc.,* 457 U.S. 423, 431, 102 S. Ct. 2515, 73 L. Ed.2d 116 (1982); *Dubinka v. Judges of Superior Court of State of California, Los Angeles,* 23 F.3d 218, 223 (9th Cir. 1994).

*Younger* abstention is appropriate when state proceedings: (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to litigate federal claims.  *Middlesex,* 457 U.S. at 432; *see also Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (noting three *Younger* criteria and adding fourth that "the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding" (citation omitted)).

All three factors—or four factors, pursuant to *Arevalo*—are satisfied here. First, it appears that Petitioner's state criminal proceedings are ongoing.  Petitioner is a pretrial detainee and is awaiting trial on the criminal charges for which he is being detained.  *See* Case No. LA098494, at http://www.lacourt.org/criminalcasesummary/ui/InfoPanel.aspx (indicating Petitioner's criminal case is pending).  It is not appropriate for this Court to intercede before Petitioner's case in front of the California state courts has run its course.  *See Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.").  Second, it is beyond question that state criminal proceedings implicate important state interests.  "[T]he States' interest in administering their criminal justice systems free from federal

3

interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49, 107 S. Ct. 353, 93 L. Ed.2d 216 (1986) (citation omitted).  Third, as demonstrated by Petitioner's reply to the OSC, Petitioner has adequate opportunity to raise his federal habeas claims in his pending state proceedings, including trial and, if applicable, state appellate proceedings. *See Pennzoil Co. v. Texaco*, Inc., 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed.2d 1 (1987) (federal court should assume that state procedures will afford adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary").  And fourth, Petitioner seeks to practically enjoin the ongoing criminal proceedings in seeking immediate release prior to adjudication of the pending criminal matter.

  Because all the *Younger* requirements are satisfied, the Court must abstain and dismiss this action unless extraordinary circumstances exist. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 n.22, 96 S. Ct. 1236, 47 L. Ed.2d 483 (1976); *see also World Famous Drinking Emporium, Inc. v. City of Tempe,* 820 F.2d 1079, 1081 (9th Cir. 1987) (when a case falls within the proscription of *Younger,* the district court must dismiss the action).  The Court does not find any extraordinary circumstances here.

  Finally, because Petitioner has not made a substantial showing of the denial of a constitutional right or that the Court erred in its procedural ruling, Petitioner is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed.2d 542 (2000).

///

///

///

///

### III. CONCLUSION

Under *Younger*, the Court must abstain from deciding the Petition.

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DISMISSED** without prejudice;[1] and
2. A Certificate of Appealability is **DENIED.**

DATED: May 30, 2023

*[signature]*

Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE

---

[1] In light of the court's ruling dismissing the Petition without prejudice, the court declines to address Petitioner's Request to Proceed without Prepayment of Filing Fees with Declaration in Support (Dkt. 9).